**Gregory C. BONTEMPS, Plaintiff-Appellant,**

v.

**NEVES; et al., Defendants-Appellees.**

**No. 15-17176**

United States Court of Appeals, Ninth Circuit.

Submitted February 14, 2017 *

Filed February 23, 2017

Gregory C. Bontemps, Pro Se

David Charles Goodwin, Esquire, Deputy Attorney General, AGCA-Office of the California Attorney General, Sacramento, CA, for Defendants-Appellees

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Gregory C. Bontemps, a California state prisoner, appeals pro se from the district

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging excessive force and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Bontemps failed to raise a genuine dispute of material fact as to whether he exhausted his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), or whether administrative remedies were effectively unavailable. *See Ross v. Blake*, —— U.S. ——, 136 S.Ct. 1850, 1858-60, 195 L.Ed.2d 117 (2016) (exhaustion not required when administrative remedy is unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) ("[P]roper exhaustion of administrative remedies ... means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)).

Bontemps's request for appointment of counsel, attached to the opening brief, is denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.